# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 14cr949WQH |
| Plaintiff/Respondent, | CASE NO. 16cv2741WQH |
| vs. | ORDER |
| JOSE JESUS LARA-LOPEZ (1), | |
| Defendant/Petitioner. | |

HAYES, Judge:

The matter before the Court is the motion under 28 U.S.C. § 2255 filed by Defendant/Petitioner. (ECF No. 33).

Defendant/Petitioner was charged in a single count Information with illegal reentry in violation of 18 U.S.C. §1326(a) and (b). (ECF No. 9).

On April 15, 2014, Defendant/Petitioner entered a plea of guilty to the Information pursuant to a Plea Agreement. (ECF No. 15). In the Plea Agreement, Defendant/Petitioner stated:

> In exchange for the Government's concessions in the plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord

with this plea agreement, defendant will object at the time of sentencing; otherwise the objection is waived.

(ECF No. 15 at 11). Defendant signed the plea agreement, and initialed the page including the waiver of appeal provision. Defendant certified that he had read the plea agreement and fully discussed the agreement with his counsel. Defendant affirmed that he was satisfied with his counsel.

On October 27, 2014, the Court held a sentencing hearing. As set forth in the Presentence Report, the Court applied the 16-level upward adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) which states, "if the defendant was deported . . . after – a conviction for a felony that is . . . a crime of violence." The Court concluded that Defendant's prior felony conviction on October 6, 2005 for Threaten Crime with Intent to Terrorize, in violation of California Penal Code § 422 in the Superior Court of California, County of Los Angeles, in Case No. VA091755 constituted a felony crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).[1] The Government recommended and the Court found the total offense level was 19, the criminal history category was VI, and the guideline range was 63-78 months, after the fast track departure. The Government recommended a sentence of 63 months. (ECF No. 22). The Court imposed a term of imprisonment of 57 months. (ECF No. 31).

Defendant did not file an appeal from the judgment.

## CONTENTIONS OF THE PARTIES

Defendant/Petitioner moves the Court to vacate his sentence on the grounds that the 16-level upward enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) is unconstitutional based upon the decision of the United States Supreme Court in *Johnson*

---

[1] Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), "'Crime of violence' means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, **or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another**." U.S.S.G. 2L1.2 Application Note 1(B)(iii). (emphasis added). The language referred to as the "elements clause" appears in bold.

*v. United States*, 135 S. Ct. 2551 (2015).  Plaintiff United States of America contends that the motion to vacate sentence should be denied on the grounds that *Johnson* has no application to this case, Defendant/Petitioner has waived his right to challenge his sentence, and any claim in the motion other than a claim based upon *Johnson* is procedurally defaulted.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. §2255.

## RULING OF THE COURT

In this case, the record conclusively shows that the Defendant has waived his right to bring a § 2255 motion.  In exchange for the Government's concessions in the plea agreement, the Defendant waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." (ECF No. 15 at 11).  This waiver is clear, express, and unequivocal.  Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face and the waiver was knowing and voluntary.  *United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007).  Defendant/Petitioner makes no claim that the plea agreement was not knowing or voluntary.

At the time of sentencing, the Government recommended a guideline range of 63-

78 months and a sentence of 63 months. (ECF No. 22). The Court imposed a sentence of 57 months. (ECF No. 31). The sentence imposed was below the guideline range recommended by the Government pursuant to the Plea Agreement at the time of sentencing. Pursuant to the terms of the plea agreement, the Defendant waived his right to appeal or to collaterally attack his sentence in this case. In addition, Defendant/Petitioner's § 2255 motion is procedurally defaulted on the grounds that he did not raise any claim on direct appeal, or show cause and prejudice, or show actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (2003) ("A §2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default.").

Finally, the Defendant/Petitioner presents no exception to the waiver in the plea agreement or any grounds for relief under Section 2255 based upon *Johnson*.[2] On June 26, 2015, the United States Supreme Court determined that the section of the Armed Career Criminal Act ("ACCA") known as the "residual clause" was void for vagueness in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The ACCA residual clause provided enhanced penalties for a defendant with a "violent felony," that is, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).[3] The Supreme Court in *Johnson* limited the application of its holding to the residual clause of the ACCA. *Johnson*, 135 S. Ct. at 2563. ("Today's decision does not call into question application of the Act to . . . the remainder of the Act's definition.").

---

[2] The Supreme Court determined that *Johnson* stated a "new substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

[3] The ACCA defines "violent felony" as follows: "any crime punishable by imprisonment for a term exceeding one year ... that—(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**." § 924(e)(2)(B). (emphasis added). The language referred to as the "residual clause" appears in bold.

Defendant/Petitioner was not sentenced under 18 U.S.C. § 924 or under any provision similar to the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii).  The sentence challenged by the Defendant/Petitioner was based upon the conclusion that the Defendant/Petitioner had sustained a prior conviction for a "crime of violence" which "has as an element the use, or attempted use, or threatened use of physical force against the person of another" pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), not the residual clause language "or otherwise involves conduct that presents a serious potential risk of physical injury to another" in § 924(e)(2)(B)(ii) found to be unconstitutionally vague in *Johnson*.

Clearly established authority in the Ninth Circuit holds that California Penal Code § 422 is a categorical crime of violence under the elements clause of U.S.S.G. § 2L1.2(b)(1)(A)(ii) which applies to "an offense that has as an element the use, attempted use, or threatened use of physical force against the person of another."  In *United States v. VIllavicencio-Burruel*, 608 F.3d 556 (9th Cir. 2010), the Court of Appeals held that "a conviction for making a criminal threat under section 422 is categorically a conviction for a crime of violence under USSG § 2L1.2." *Id.* at 563. The Court of Appeals explained:

> Section 422's plain text demonstrates that it requires a threatened use of violent physical force against another person. Specifically, section 422's text requires: (1) a "threat[ ] to commit a crime which will result in death or great bodily injury," (2) made with "specific intent that the statement ... be taken as a threat," (3) which conveys "an immediate prospect of execution," (4) thereby causing a victim "to be in sustained fear for his or her own safety or for his or her immediate family's safety," and (5) that the victim's fear is "reasonabl[e]." *Id.*; *see also People v. Maciel*, 113 Cal.App.4th 679, 6 Cal.Rptr.3d 628, 632 (2003) (explaining that to prove a violation of section 422, the prosecution must establish these elements). Resting on the plain language of the California statute, we conclude that section 422's elements necessarily include a threatened use of physical force "capable of causing physical pain or injury to another person." *Johnson*, 130 S.Ct. at 1271.

608 F.3d at 562.  This Court concludes that no portion of the decision of the Supreme Court in *Johnson* calls into question the elements clause of the definition of "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) or the legality of the sentence

1  imposed in this case. Any claim outside the *Johnson* claim is waived by the plea
2  agreement, as well as procedurally defaulted.
3       IT IS HEREBY ORDERED that the motion under 28 U.S.C. § 2255 filed by
4  Defendant/Petitioner (ECF No. 33) is denied.
5  DATED: February 22, 2017

*[signature]*
**WILLIAM Q. HAYES**
United States District Judge